PER CURIAM.
The application is granted. The state has not shown that relator limited his request for counsel clearly and unambiguously to the polygraph examination proposed by the police. Cf. Connecticut v. Barrett, 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987). Further, police officials actively procured counsel for relator as a result of relator’s request, and were present when counsel issued instructions to his staff to communicate with relator and inform him to do nothing without counsel present. Finally, relator did not initiate the conversation with police that eventually led to his inculpatory statement. Accordingly, Edwards v. Arizona, 451 U.S. 477, 484-485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981), and State v. Abadie, 612 So.2d 1, 4-5 (La.1993), require suppression of relator’s statement, and the lower courts erred in finding otherwise. We therefore reverse the rulings below and remand the case to the district court with instructions to enter an order granting relator’s motion to suppress, and for further proceedings consistent with the views expressed herein.